IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | | |
|---|---|---|
| ALBERTO GALVAN,<br>　　　　Plaintiff | §<br>§<br>§ | |
| VS. | §<br>§ | C.A. NO. 4:13-cv-212 |
| CITY OF PASADENA,<br>　　　　Defendant | §<br>§ | |

**PLAINTIFF ALBERTO GALVAN'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

**COMES NOW Alberto Galvan**, hereinafter referred to as Galvan, complaining of **City of Pasadena,** hereinafter referred to as the City, and for cause of action would respectfully show unto the Court the following:

1.　　This is an action brought pursuant to rights secured by Title VII of the Act of Congress known as the Civil Rights Act of 1964, as amended, 42 USC §2000 et. seq., and particularly as amended by the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of discrimination which have been engaged in by Defendant to the detriment of Galvan, and to correct those unlawful employment practices through resort to all remedies authorized by Title VII and the Civil Rights Act of 1991.  Thus, this is a suit for lost income, past, present and future, as well as all other actual damages incurred by the Galvan as a result of the discriminatory and unlawful treatment at the hands of Defendant, together with an action for punitive damages.

2.　　Jurisdiction of this Court is invoked pursuant to 28 USC §§1331 and 1343.  In addition, to the extent that this suit raises claims arising under the laws of the State of Texas, this

Court may exercise its pendent jurisdiction over such claims.  The unlawful employment practices complained of in this suit were committed within the jurisdiction of this Court.

3. Plaintiff in this action is **Alberto Galvan**, who is a citizen of the United States and, who, at all material times hereto, was an employee of Defendant and is properly before this Honorable Court.  Galvan is a male of Mexican national origin, age forty .

4. Defendant **City of Pasadena** is a Texas Municipality and may be served with process through its City Secretary, Linda Rorick, at 1211 Southmore, Pasadena TX 77502, or P.O. Box 672, Pasadena TX 77501.

## FACTS

5. Plaintiff Alberto Galvan has been a police officer with the City of Pasadena Police Department since April of 1997.  From October of 2004 to February 2008, Galvan was assigned to the Juvenile Division of the Department, under the command of Sgt. R. Wille.  Galvan was assigned to the Domestic Violence Unit with Detective Sylvia Trevino (Hispanic female) from February of 2008 until January of 2009, which was also under Sgt. R. Wille's command of the Juvenile Division.

6. Galvan had a meeting with Sgt. Wille and requested to be transferred back to the Juvenile Division because Officer Trevino was making unwanted advances towards him and he needed to remove himself from that situation.  Sgt. Wille allowed him to return to the Juvenile Division in January of 2009.

7. After leaving the Domestic Violence unit, Galvan became the target of repeated and continuous harassment by Detective Trevino, who was angry that her advances toward Galvan had not been reciprocated.  Trevino filed several frivolous internal complaints with the Department's Internal Affairs Division against Galvan.  As a result, Galvan was ordered to stay

2

away from Detective Trevino, but detective Trevino was not given the same orders and continued to seek out Galvan. In May of 2010, Galvan was demoted and removed from the Juvenile Division and put back on patrol, and a white officer was given his position.

## FACTS RELATING TO RACIAL DISCRIMINATION

8. From October of 2004 to May 27, 2010 Juvenile Sgt. R. Wille always referred to Galvan as his "Token Mexican" and also called him "Token" for short in front of other Juvenile Detectives during Galvan's assignment with the Juvenile and Domestic Violence Divisions. When Galvan was attempting to return to the Juvenile Division from the Domestic Violence Division, Sgt. R. Wille told him that the other Juvenile Detectives did not want him to return, which Galvan learned to be untrue. The truth was that Sgt. Wille wanted to get rid of Galvan to have Officer Mike Biggs (Caucasian male) take his position. Galvan confronted Sgt. Wille with this information and Sgt. Wille allowed him to return to the Juvenile Division in January of 2009. It was clear that Sgt. R. Wille did not want a Hispanic Officer working in his division.

9. On May 27, 2010, after Galvan was transferred from the Juvenile Division back to Patrol due to Officer Sylvia Trevino's complaint she filed against him, Chief A. H. Corbett, had a meeting with Galvan to tell him that Sgt. Wille did not back him in reference to Officer Sylvia Trevino's complaint against him and that Sgt. Wille "pulled the trigger" to get Galvan transferred back to patrol.

## FACTS RELATING TO GENDER DISCRIMINATION

10. Detective Trevino was the only female detective with the Department and was given special treatment at the expense of Galvan. Trevino's numerous frivolous internal

3

complaints against Galvan resulted in Galvan being ordered to stay away from her while Trevino was given no such order but was instead permitted to continue pursuing and harassing Galvan.

## FACTS RELATING TO RETALIATION

11.     On December 7, 2010, Galvan filed a grievance with the department alleging a hostile work environment and harassment by Detective Trevino.  In retaliation, on December 13, 2010, Galvan was transferred to the night shift, suspended, and ordered to take a psychological evaluation.

## CONDITIONS PRECEDENT

12.     All conditions precedent to the institution of this lawsuit have been fulfilled. Galvan filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission in a timely fashion.  A copy of the Charge of Discrimination is attached and incorporated by reference as Exhibit A. The EEOC issued a Notice of Right to Sue to Galvan on October 31, 2012 more than 180 days after the filing of the underlying Charge.  A copy of the Notice of Right to Sue is attached and incorporated by reference as Exhibit B.  The present action is being brought within 90 days of Galvan's receipt of the Notice of Right to Sue.

## COUNT ONE – DISCRIMINATION BASED UPON SEX

13.     At all material times to this litigation, Defendant has intentionally engaged in practices and policies made unlawful by Title VII of the Civil Rights Act of 1964, as amended, as well as by the Civil Rights Act of 1991.  The effect of these unlawful employment practices prevented Galvan from full pay and promotion based upon his gender.

14.     The unlawful employment practices by the Defendant, namely,  demoting and placing restrictions upon Galvan because he was a male officer, while taking no action against female detective Trevino, deprived Galvan of the same rights to employment opportunity as was

4

enjoyed by Defendants' other employees of the opposite sex.  Moreover, though, had the same scenario taken place between two male partners, Galvan would not have been subjected to the official treatment by the Department's leadership that he was in this case.

## COUNT TWO – RACIAL DISCRIMINATION

15. Furthermore, Galvan was subjected to discrimination based on his race.  As enumerated in the facts above, the City of Pasadena Police Department and its employees discriminated against Galvan because of his race both by treating him differently than Caucasian employees and by using facially neutral, but discriminatory in application, practices that denied Galvan the same treatment as Caucasian employees.

## JURY DEMAND

16. Plaintiff requests trial by jury and submits the appropriate fee with this Complaint.

## CONCLUSION

17. As a result of the unlawful employment practices referenced above by the Defendant, Plaintiff has suffered cruel and unjust hardships in conscious disregard of the Plaintiff's rights.  After Plaintiff made reports of harassment, discrimination and disparate treatment he was retaliated against. Such actions are and were intentional, in bad faith and in total disregard of the Galvan's rights under the law.  Further, they were committed with the intent of causing the Plaintiff emotional distress.  Galvan has, in fact, suffered and will continue to suffer severe emotional distress as a result of these actions of Defendant and its employees, and Galvan is thus entitled to recover, in addition to actual and compensatory damages, punitive damages because of the nature of the actions of Defendant.

**WHEREFORE**, Plaintiff respectfully requests that Defendants be cited to appear and answer herein, and that upon final trial hereof, the Court:

    a.    Award Plaintiff actual damages for the economic loss he has suffered as a result of Defendants' discriminatory conduct;

    b.    Award Plaintiff damages for the extreme emotional distress which he has suffered as a result of Defendants' actions;

    c.    Award Plaintiff punitive damages in an appropriate amount deemed sufficient to prevent this Defendant from repeating this discriminatory conduct;

    d.    Award Plaintiff his costs, including reasonable attorney's fees; and

    e.    Award Plaintiff all other relief which the Court deems just and proper.

Respectfully submitted,

GERTZ ADAIR LAW FIRM
Attorneys at Law
2630 Liberty
Beaumont, Texas 77702
(409) 833-6400 - Phone
(409) 833-6401 - Fax

      /s/ Ryan W. Gertz
By:_____
  Ryan W. Gertz
  "Attorney in Charge"
  Texas Bar No.:  24048489
  Southern District of Texas No.: 1550189
  Andrew P. Gertz
  Texas Bar No.:   24064318
  Southern District of Texas No.: 1121985

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | [ ] FEPA<br>[X] EEOC | 460-2011-00891 |

**Texas Workforce Commission Civil Rights Division** and EEOC
*State or local Agency, if any*

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Alberto Galvan | | 972 |

| Street Address | City, State and ZIP Code |
|---|---|
| | rk, TX 77536 |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| PASADENA POLICE DEPT | Unknown | (713) 477-1221 |

| Street Address | City, State and ZIP Code |
|---|---|
| 1114 Jeff G Memorial Dr, | Pasadena, TX 77506 |

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

[ ] RACE  [ ] COLOR  [X] SEX  [ ] RELIGION  [X] NATIONAL ORIGIN
[X] RETALIATION  [ ] AGE  [ ] DISABILITY  [ ] GENETIC INFORMATION
[ ] OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 04-07-2010  Latest: 12-13-2010
[ ] CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s))*:

I. I began my employment with Respondent on April 22, 1997, and currently hold the position of Patrolman. As of April 7, 2010, I have been subjected to harassment by Detective Sylvia Trevino. Ms. Trevino has filed several frivolous internal complaints with the department's internal affairs division against me. I have been ordered to stay away from Detective Trevino, but she has not been given the same order and continues to seek me out. I have been removed from the Juvenile Division and a White male was given my position. I have complained to the department of discriminatory practices, but no action was taken. On December 7, 2010, I filed a grievance with the department alleging a hostile work environment and harassment by Detective Trevino. On December 13, 2010, Respondent retaliated against me by transferring me to the night shift, suspending me and ordering me to take a psychological examination.

II. I believe that I have been discriminated against because of my sex (male); national origin (Mexican) and retaliated against for opposing discriminatory practices.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

I declare under penalty of perjury that the above is true and correct.

Dec 22, 2010
Date — Charging Party Signature

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(month, day, year)

**EXHIBIT A**

EEOC Form 161 (11/09)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Alberto Galvan<br>[redacted]<br>League City, TX 77573 | From: | Houston District Office<br>Total Plaza<br>1201 Louisiana, Suite 600<br>Houston, TX 77002 |
|---|---|---|---|

☐    On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 460-2011-00891 | Leticia Flores,<br>Investigator | (713) 651-4932 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

- NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Enclosures(s)     _[signature]_     OCT 8 1 2012
R.J. Ruff, Jr.,
District Director     (Date Mailed)

cc: William S. Helfand
Attorney at Law
Chamberlain Hrdicka
1200 Smith Street, 14th Floor
Houston, TX 77002

**EXHIBIT B**

Enclosure with EEOC
Form 161 (11/09)

# INFORMATION RELATED TO FILING SUIT
# UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS** -- **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice *and* within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION** -- **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do *not* relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE** -- **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months** of this Notice. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*